UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
In re

iANTHUS CAPITAL HOLDINGS, INC.
SECURITIES LITIGATION

20-cv-3135 (LAK)

This document relates to: 20-cv-03898
------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-7-2022
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Defendants Maslow, Galvin and Stavola move for clarification of the Court's decision on the September 28, 2022 memorandum opinion. They argue that the Court dismissed the securities claims brought by plaintiff Hi-Med LLC ("Hi-Med") except those relating to an escrow provision and dismissed also the Section 20(a) control person claims against these moving defendants for want of any sufficient allegations of culpable participation by them with respect to the alleged securities violations relating to the escrow violation. Hi-Med, however, has taken the position that the Court did not dismiss any primary Section 10(b) claims against these three defendants and argues that the Section 20(a) claims against these three defendants should survive. The moving defendants therefore seek clarification.

      The moving defendants correctly point out a flaw in the memorandum opinion that is attributable to the fact that the parties' own briefs presupposed that the statement of a legally sufficient claim under Section 20(a) requires allegations of culpable participation in the primary 10b-5 violation by the control person in question. As it was not a matter in dispute, the Court uncritically adopted the parties' assumption that pleading of culpable participation by defendants in Hi-Med's alleged 10b-5 violations with respect to the escrow participation provision was necessary to the Section 20(a) claims against them.

      While the Court recognizes that there is a division of district court authority in our Circuit as to whether pleading of culpable participation is an essential element of a legally sufficient Section 20(a) claim, the Second Circuit has not resolved the conflict. In this Court's view, however, a plaintiff need not plead culpable participation by a control person in order to state a claim under Section 20(a). *E.g., In re Parmalat Secur. Litig.*, 375 F. Supp.2d 278, 307-10 (S.D.N.Y. 2005).

      In consequence, the motion of defendants Maslow, Galvin and Stavola (Dkt. 103) for clarification is granted to the extent that the primary 10b-5 claims and common law fraud claims against them are dismissed, but it is denied with respect to the Section 20(a) claims. This ruling modifies the memorandum opinion (Dkt. 100).

      SO ORDERED.

Dated:    December 7, 2022

                                                 Lewis A. Kaplan
                                          United States District Judge